UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMAINE GAITOR              )
                           )
        v.                 )      C.A. No. 1:21-12079-MLW
                           )
CITY OF BOSTON - SOAR BOSTON, )
LEEROY PEEPLES,            )
TALIA WRIGHT-RIVERA, and   )
WASCAR CASTILLO            )
    Defendants.            )


STEPHEN D. POWELL          )
                           )
        v.                 )      C.A. No. 1:21-12093-MLW
                           )
CITY OF BOSTON - SOAR BOSTON, )
LEEROY PEEPLES,            )
TALIA WRIGHT-RIVERA, and   )
WASCAR CASTILLO            )
    Defendants.            )


SEAN D. PITTS             )
                           )
                           )      C.A. No. 1:21-12091-MLW
        v.                 )
                           )
CITY OF BOSTON - SOAR BOSTON, )
LEEROY PEEPLES,            )
TALIA WRIGHT-RIVERA, and   )
WASCAR CASTILLO            )
    Defendants.            )

```
UNDINI SANZ                           )
                                      )
v.                                    )        C.A. No. 1:21-10042-MLW
                                      )
CITY OF BOSTON - SOAR BOSTON,         )
LEEROY PEEPLES,                       )
TALIA WRIGHT-RIVERA, and              )
WASCAR CASTILLO                       )
      Defendants.                     )


TERECK JAMISON                        )
                                      )
v.                                    )        C.A. No. 1:22-11055-MLW
                                      )
CITY OF BOSTON - SOAR BOSTON,         )
LEEROY PEEPLES,                       )
TALIA WRIGHT-RIVERA, and              )
WASCAR CASTILLO                       )
      Defendants.                     )
```

ORDER

WOLF, D.J.                                          September 28, 2022

In this case plaintiffs Jamaine Gaitor, Stephen D. Powell, Sean D. Pitts, Undini Sanz, and Tereck Jamison have sued in separate cases the City of Boston (the "City") and in their individual capacities the City's Street Outreach Advocacy and Response ("SOAR") program management, Leroy Peeples, Talia Wright-Rivera, and Wascar Castillo.

Plaintiffs are former streetworkers for SOAR, the City's gang intervention and prevention program.[1] Represented by the same

---

[1] The SOAR program has reportedly recently been terminated by the City. *See* Laura Crimaldi, City to Disband Violence Prevention Program Beset by Allegations of Internal Turmoil, Boston Globe

lawyer, they each allege in the original Complaints claims stemming from their employment with SOAR, primarily based on the conduct of Wright-Rivera and Peeples, including age discrimination, race discrimination, failure to accommodate disability, retaliation under several statutes, intentional infliction of emotional distress, and breach of the implied covenant of good faith and fair dealing. The original four plaintiffs' cases were removed from state court to this federal court and consolidated at least for pretrial purposes. Defendants, all represented by the City of Boston Law Department, filed thirteen separate motions to dismiss -- three each for plaintiffs Gaitor, Powell, Pitts, and Sanz, and one for Jamison, who filed suit after the other plaintiffs' cases were removed and consolidated. Plaintiffs moved to strike these motions on the grounds that they should have been filed as a single, consolidated motion. See Dkt. Nos. 46-47. Defendants oppose the motion to strike. See Dkt. No. 52.

Plaintiffs Gaitor, Powell, Pitts, and Sanz have also filed motions to amend their complaints to delete some claims, to address some issues raised by the motions to dismiss, and to allege some additional claims. See Dkt. Nos. 65-68. Defendants oppose the motion to amend. Dkt. Nos. 69-72.

---

(Sept.           18,            2022,            4:03            PM),
https://www.bostonglobe.com/2022/09/18/metro/city-disband-
violence-prevention-program-beset-by-allegations-internal-
turmoil.

For the reasons briefly explained in this memorandum, the motions to amend are being allowed. As the amendments moot some grounds for the motions to dismiss, and may generate others, the motions to dismiss are being denied without prejudice. Defendants are not being ordered to file a single renewed motion to dismiss or answer as plaintiffs each request. However, if a motion to dismiss is filed on behalf of more than one defendant with regard to any of the four Amended Complaints or Jamison's Complaint, the grounds on which each defendant relies shall be included in a single motion and supporting memorandum as defendants did in moving to dismiss Jamison's Complaint. See Dkt. Nos. 82-83.

Motions to amend must be freely given when justice so requires. See Fed. R. Civ. P. 15(a)(2). This case is at its inception. Plaintiffs have not delayed in filing their motions to amend. The proposed amendments are at least in part good faith efforts to resolve some issues raised by the motions to dismiss. It is not evident that any or all of the amended claims will be futile. No scheduling orders have been issued and, therefore, allowing amendments at this time will not disrupt any court ordered deadlines. Therefore, it is in the interest of justice to allow the motions to amend. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

As the Amended Complaints address at least some of the alleged deficiencies on which the motions to dismiss rely, and may generate others, those motions are being denied without prejudice. Any renewed motions to dismiss should address the allegations in the operative Amended Complaints and Jamison's Complaint.

These are five cases with many common allegations which have been properly designated as related, all assigned to this court, and consolidated at least for pretrial purposes. See Fed. R. Civ. P. 42(a); Rule 40.1(g)(1) of the Local Rules of the United States District Court for the District of Massachusetts. Nevertheless, they remain separate cases brought by five individual plaintiffs with some unique allegations concerning each. See Abrams v. Occidental Petroleum Corp., 44 F.R.D. 543 (S.D.N.Y. 1968). More specifically:

> A consolidation under Rule 42(a) is permitted as a matter of convenience and economy in administration. Such consolidation does not merge the [multiple] actions into a single cause; nor does it change the rights of the parties; nor does it make those who are parties in one action parties in another. The separate actions are not merged.

Id. at 547; see also 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2382 (3d ed. 2008) ("[F]ederal courts have held that actions do not lose their separate identity because of consolidation under Rule 42(a)(2)."). Therefore, it is not appropriate to order that defendants file a single renewed motion to dismiss as plaintiffs request. See, e.g., Kibbe v.

5

Potter, 196 F.Supp.2d 48, 62 (D. Mass. 2002) (Ponsor, J.) (noting that the judge "Consolidated the two cases, but ordered that 'filings . . . be made in each case independently' so that 'each file will contain a complete set of documents and the docket sheet will reflect this'"); Aronson v. Advanced Cell Tech., Inc., 902 F.Supp.2d 106, 111 n.1 (D. Mass. 2012) (Gorton, J.) (finding no fault with "each defendant ha[ving] filed a separate motion to dismiss in each of the two consolidated cases").

However, if motions to dismiss are filed, to minimize duplicative motions and arguments, the court is ordering that the four defendants, each represented by the same counsel, file in each case a single motion and supporting memorandum as defendants have previously done in moving to dismiss Jamison's complaint.

In addition, the court is ordering that before further filings are made the parties confer concerning a possible settlement of each case and, if a settlement agreement is not reached in any case, report, jointly if possible, by November 4, 2022, whether they request mediation by a magistrate judge. After the court receives these reports, it will establish an appropriate schedule for future events.

In view of the foregoing, it is hereby ORDERED that:

1.    Plaintiff Jamaine Gaitor's Motion to Amend Complaint (Dkt. No. 65) is ALLOWED.

2.    Plaintiff Sean D. Pitts's Motion to Amend Complaint (Dkt. No. 66) is ALLOWED.

3.    Plaintiff Stephen D. Powell's Motion to Amend Complaint (Dkt. No. 67) is ALLOWED.

4.    Plaintiff Undini Sanz's Motion to Amend Complaint a Second Time (Dkt. No. 68) is ALLOWED.

5.    Plaintiffs' Motion to Strike Defendants Twelve (12) Motions to Dismiss Under Rule12(b)(6) for Failure to File Consolidating Pleading (Dkt. No. 46) is DENIED.

6.    Defendant City of Boston's Partial Motion to Dismiss Plaintiff Jamaine Gaitor's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 17) is DENIED without prejudice.

7.    Defendant Wascar Castillo's Motion to Dismiss Plaintiff Jamaine Gaitor's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 19) is DENIED without prejudice.

8.    Defendants Leroy Peeples and Talia Wright-Rivera's Partial Motion to Dismiss Plaintiff Jamaine Gaitor's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 21) is DENIED without prejudice.

9.    Defendant City of Boston's Partial Motion to Dismiss Plaintiff Sean D. Pitts's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 23) is DENIED without prejudice.

10.  Defendant Wascar Castillo's Motion to Dismiss Motion to Dismiss Plaintiff Sean D. Pitts's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 25) is DENIED without prejudice.

11.  Defendants Leroy Peeples and Talia Wright-Rivera's Motion to Dismiss Plaintiff Sean D. Pitts's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 27) is DENIED without prejudice.

12.  Defendant City of Boston's Partial Motion to Dismiss Plaintiff Stephen D. Powell's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 29) is DENIED without prejudice.

13.  Defendant Wascar Castillo's Motion to Dismiss Plaintiff Stephen D. Powell's Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) (Dkt. No. 31) is DENIED without prejudice.

14.  Defendants Leroy Peeples and Talia Wright-Rivera's Partial Motion to Dismiss Plaintiff Stephen D. Powell's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 33) is DENIED without prejudice.

15.  Defendant City of Boston's Partial Motion to Dismiss Plaintiff Undini Sanz's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 34) is DENIED without prejudice.

16.  Defendant Wascar Castillo's Motion to Dismiss Plaintiff Unini Sanz's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 37) is DENIED without prejudice.

17.   Defendants   Leroy   Peeples   and   Talia   Wright-Rivera's
Motion to Dismiss Plaintiff Undini Sanz's Complaint Pursuant to
Fed. R. Civ. P. 12(b)(6) (Dkt. No. 39) is DENIED without prejudice.

18.   The  parties  shall  confer  and,  by  November  4,  2022,
report,  jointly  if  possible,  whether  they  have  agreed  to  settle
any  or  all  these  five  consolidated  cases,  and,  if  not,  report
whether they request mediation by a magistrate judge.


UNITED STATES DISTRICT JUDGE